**UNITED STATES DISTRICT COURT,**
**DISTRICT OF KANSAS**
**KANSAS CITY**

| | |
|---|---|
| KIMBERLY WILKINSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 09-CV-2477 KHV/DJW |
| ) | |
| CENTRAL PORTFOLIO CONTROL, ) | |
| ) | |
|     Defendant. ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

KIMBERLY WILKINSON (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against CENTRAL PORTFOLIO CONTROL, (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant does business in the state of Kansas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Lenexa, Johnson County, Kansas.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company with its headquarters in Eden Prairie, Hennepin County Minnesota.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant threatened to take legal action against Plaintiff.

14. Defendant called Plaintiff from 800-511-6467.

15. Defendant called Plaintiff on Plaintiff's cell phone 913-215-0359 and home phone 913-563-7458.

16. Defendant called Plaintiff and hung up without leaving a voicemail message.

17. Defendant calls Plaintiff and does not provide meaningful disclosure of the caller's identity

18. Defendant failed to disclose in subsequent communications that the communication was from a debt collector (See transcribed voice mail messages as Exhibit A).

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff.

   b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff repeatedly and continuously with the intent to annoy, abuse, and harass.

   c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   d. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action against Plaintiff.

   e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector.

   f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

   WHEREFORE, Plaintiff, KIMBERLY WILKINSON, respectfully requests judgment be entered against Defendant, CENTRAL PORTFOLIO CONTROL, for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

Plaintiff designates Kansas City as place for trial.

RESPECTFULLY SUBMITTED,

By:   /s/   Patrick   Cuezze
[ ] Patrick Cuezze
Attorneys for Plaintiff
Krohn & Moss, Ltd.
10474 Santa Monica Blvd.
4th Floor
Los Angeles, CA 90025
(816) 931-0911 (direct)
e-mail: pcuezze@consumerlawcenter.com

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KIMBERLY WILKINSON, demands a jury trial in this case.

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES
2. Fear of answering the telephone — YES
3. Nervousness — YES
4. Fear of answering the door — NO
5. Embarrassment when speaking with family or friends — NO
6. Depressions (sad, anxious, or "empty" moods) — YES
7. Chest pains — YES
8. Feelings of hopelessness, pessimism — YES
9. Feelings of guilt, worthlessness, helplessness — YES
10. Appetite and/or weight loss or overeating and weight gain — YES
11. Thoughts of death, suicide or suicide attempts — NO
12. Restlessness or irritability — YES
13. Headache, nausea, chronic pain or fatigue — YES
14. Negative impact on my job — YES
15. Negative impact on my relationships — YES

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____
_____
_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: __08/31/2009__          _Kimberly I. Wilkinson_
                                Signed Name

                                **Kimberly I Wilkinson**
                                Printed Name

# **EXHIBIT A**

Kimberly Wilkinson, this is Mr. Campbell's office calling. Today is Monday April 13th. I am trying to reach you on the matter through Johnson County that my office has been retained on. If you can, please return correspondence here to my office. I should be available for about another 30 minutes here this evening. If you cannot reach me tonight then I will be available after 9 a.m. tomorrow morning. Direct number here to my office is 1800-511-6467 and you can reference case file number R130 with the return phone call. Again if you can, please return correspondence here to my office. I am at 1800-511-6467 and if I am not here when you call back Kimberly, please leave a message with my secretary with the date, time, number that you can be reached. Thank you.

Yeah Kimberly Wilkinson, this is Mr. Campbell's office calling. I have left several messages as well as spoke to your husband regarding the file here at my office. Clearly, this is not going to get handled correctly. I will be making my final recommendation to proceed through Johnson County after today. If you do want to resolve this matter Kimberly, I need a return phone call from you before 8 p.m. this evening. I am at 800-511-6467. Thank you.

Yeah Kimberly Wilkinson, this is Mr. Campbell's office calling. I have left several messages as well as spoke to your husband regarding the file here at my office. Clearly, this is not going to get handled correctly. I will be making my final recommendation to proceed through Johnson County after today. If you do want to resolve this matter Kimberly, I need a return phone call from you before 8 p.m. this evening. I am at 800-511-6467. Thank you.

This is Mr. Campbell's office calling. Kimberly if you could, please get back to me. I am at 800-511-6467. Again I spoke to your husband a few days ago and I have not heard anything back and I need to make some type of decision on the file, so if you want me to go ahead and forward it through Johnson County it is up to you, but I would rather work something out. You have my number. Hope to hear from you. Thank you.

This is Mr. Campbell's office calling. Kimberly if you could, please get back to me. I am at 800-511-6467. Again I spoke to your husband a few days ago and I have not heard anything back and I need to make some type of decision on the file, so if you want me to go ahead and forward it through Johnson County it is

up to you, but I would rather work something out. You have my number. Hope to hear from you. Thank you.

Yeah, this message again is for Kimberly Wilkinson. Kimberly, this is Mr. Campbell's office calling. I left a message here for you yesterday as well as spoke to your husband yesterday evening concerning this matter you have pending in my office. I do need to speak to you, however. If you could, please return correspondence here to my office today. It is Tuesday 14th. I can be reached directly at 800-511-6467. Thank you.

Yeah, this message again is for Kimberly Wilkinson. Kimberly, this is Mr. Campbell's office calling. I left a message here for you yesterday as well as spoke to your husband yesterday evening concerning this matter you have pending in my office. I do need to speak to you, however. If you could, please return correspondence here to my office today. It is Tuesday 14th. I can be reached directly at 800-511-6467. Thank you.

Yeah Kimberly Wilkinson, this is Mr. Campbell's office calling yet again April 15th. Please return correspondence to my office today. I am at 1800-511-6467.

Yeah Kimberly Wilkinson, this is Mr. Campbell's office calling yet again April 15th. Please return correspondence to my office today. I am at 1800-511-6467.

# EXHIBIT B

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KANSAS

    Plaintiff, KIMBERLY WILKINSON, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, KIMBERLY WILKINSON, hereby declare (or certify,
verify or state) under penalty of perjury that the foregoing is true and correct.

    08/31/2009
        Date                                          KIMBERLY WILKINSON